U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| COMMITTEE TO DEFEND THE PRESIDENT, | ) ) ) |
|  | ) No. 18-888 (RDM) |
| *Plaintiff*, | ) ) |
| v. | ) ) |
| FEDERAL ELECTION COMMISSION, | ) ) ) |
| *Defendant*, | ) ) |

**PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN**

The following are the parties' positions on the topics listed in Federal Rule of Civil Procedure 16(b)(3) and 26(f)(3), as well as D.C. LCvR 16.3(c):

**1.   Likelihood of disposition on dispositive motion and subsequent scheduling of case (D.C. LCvR 16.3(c)(1)):**

Joint:   The parties agree this case is likely to be resolved through either a motion to dismiss or motion for summary judgment. The parties further agree that discovery, if permitted, should await adjudication of the pending motion to dismiss, as well as any subsequent motions to dismiss, and the filing of any amended complaints.

**2.   Joinder, Amendments to Pleadings, and Narrowing of Legal Issues (Fed. R. Civ. P. 16(b)(3)(A); D.C. LCvR 16.3(c)(2)):**

Joint:   The parties agree that no other parties are likely to be joined to this case. It is unlikely that some or all of the factual or legal issues can be agreed upon or narrowed.

Plaintiff's position:   Consistent with ¶ 1, the Court should not yet set a deadline for amending the pleadings. In light of the pending motion to dismiss and uncertainty about both the timing and content of this Court's ruling on it, Plaintiff opposes the FEC's arbitrary deadline of

1

August 31, 2018 for filing an amended complaint. Plaintiff also respectfully requests this Court not set a deadline for filing a Supplemental Complaint pursuant to Fed. R. Civ. P. 15(d), but rather allow such a filing for good cause.

<u>FEC's position</u>: The Court should set a reasonable deadline for amendment of pleadings. If any amendment is permitted beyond the period provided in Federal Rule of Civil Procedure 15(a)(1)(B), which allows the amendment of a complaint once as of right for 21 days after the service of a motion to dismiss, the FEC proposes a deadline of August 31, 2018.

**3.     Magistrate Judge (D.C. LCvR 16.3(c)(3)):**

<u>Joint</u>: The parties agree that the case should not be referred to a magistrate judge for all purposes, including trial, and respectfully request the District Judge adjudicate any dispositive motions.

**4.     Settlement (D.C. LCvR 16.3(c)(4)):**

<u>Plaintiff</u>: Plaintiff is open to the possibility of settlement in the event the FEC were willing to provide a definite, reasonably brief timetable for: (i) issuing a General Counsel report concerning a reason-to-believe finding in connection with its administrative complaint, (ii) a Commission vote on the reason-to-believe issue pursuant to 52 U.S.C. § 30109(a)(2), and (iii) an estimated duration of the subsequent investigation, if any.

<u>FEC</u>: The FEC does not believe there is a realistic possibility of settling the case. It is possible that this case will be resolved prior to a court ruling in the event that the administrative matter about which plaintiff complains is resolved prior to that time.

**5.     Alternate Dispute Resolution (D.C. LCvR 16.3(c)(5)):**

<u>Joint</u>: The parties agree that the case is unlikely to benefit from the Court's alternate dispute resolution procedures.

6. **Summary Judgment (Fed. R. Civ. P. 16(b)(3)(A); D.C. LCvR 16.3(c)(6)):**

<u>Joint:</u>  The parties agree this case is likely to be resolved through dispositive motion. A motion to dismiss is currently pending. The parties further agree, consistent with ¶ 1, that the Court should not yet set a deadline for filing summary judgment motions. If the Court sets a deadline for filing summary judgment motions at this time, the parties respectfully request that the Court provide for staggered briefing with a minimum of 21 days for any opposition briefs, and 14 days for any reply briefs in connection with such motions. The parties agree that the court should decide the motions in accordance with its own schedule.

<u>Plaintiff:</u>  Plaintiff does not believe further orders are necessary at this time.

<u>FEC:</u>  The FEC recommends that the court direct the parties to meet and confer and then file a new joint status report with a proposed scheduling order within 14 (fourteen) days of entry of any order denying any FEC motion to dismiss. The joint report would provide proposals as to negotiation of a protective order as would be required for disclosure of information about a pending administrative enforcement matter under the confidentiality provision of the Federal Election Campaign Act ("FECA"), 52 U.S.C. §30109(a)(12); the parties' positions on discovery and disclosure of information in this matter; and a proposed schedule for summary judgment briefing.

7. **Initial Disclosures (Fed. R. Civ. P. 16(b)(3)(B)(i), 26(f)(3)(A); D.C. LCvR 16.3(c)(7)):**

<u>Plaintiff:</u>  Plaintiff respectfully requests this Court order initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and set a deadline no more than 14 days following the close of pleadings, either through denial of the pending (or a subsequent) motion to dismiss or the filing of an amended complaint.

FEC:   The FEC respectfully requests dispensing with initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) in this matter involving administrative review.

**8.   Anticipated Extent of Discovery (Fed. R. Civ. P. 16(b)(3)(A), (B)(ii), 26(f)(3)(B), (E); D.C. LCvR 16.3(c)(8)):**

Joint:   The parties agree that the Court need not decide whether discovery will be permitted in this case until after the resolution of the pending motion to dismiss and any future motions to dismiss.

Plaintiff:   Discovery should last no more than nine (9) months but, consistent with ¶ 1, the Court should not yet set a deadline.  Discovery should not commence earlier than 14 days following the close of pleadings, either through the denial of the pending or a subsequent motion to dismiss or the filing of an amended complaint.  A protective order may be appropriate for certain information.

FEC:   The Court need not resolve the issue of discovery now but instead can do so if the motion to dismiss is denied and after the submission of the later joint status report described in paragraph 6 above.  To the extent discovery is evaluated now, the FEC notes that this case involves the review of non-final administrative action and discovery is not generally appropriate in such matters.  As the Commission would demonstrate in greater detail if necessary later, a sworn declaration with a "detailed chronology" of any administrative actions should be considered, *Rose v. FEC*, 608 F. Supp. 1, 3 & n. 2, 4 (D.D.C. 1984), *rev'd on other grounds sub nom., In re Nat'l Cong. Club v. FEC,* Nos. 84-5701, 1984 WL 148396 (D.C. Cir. Oct. 24, 1984) (per curiam)*,* as has been done in courts in this District in other cases alleging a failure to act by the FEC.  The Commission believes that this is the appropriate procedure, following entry of an appropriate protective order necessitated by FECA's confidentiality provisions, as described

above.  *See also*, *e.g.*, *Sierra Club v. U.S. Dep't of Energy*, 26 F. Supp. 2d 1268, 1271 (D. Colo. 1998) (rejecting request for discovery in a case involving an agency's alleged failure to act), *aff'd*, No. 97-B-529, 1998 WL 895927 (D. Colo. Oct. 22, 1998).

9. **Electronically Stored Information (Fed. R. Civ. P. 16(b)(3)(B)(iii), 26(f)(3)(C); D.C. LCvR 16.3(c)(9)):**

    <u>Joint:</u>  The parties do not presently anticipate issues relating to the disclosure, discovery, or preservation of electronically stored information ("ESI").  The parties agree that, when reasonably possible, ESI shall be provided in searchable PDF format or any other easily accessible native format.

10. **Privilege and Work-Product (Fed. R. Civ. P. 16(b)(3)(B)(iv), 26(f)(3)(D); D.C. LCvR 16.3(c)(10)):**

    <u>Joint:</u>  The parties agree that inadvertent production of privileged information through any means—including but not limited to oral, written, or electronic—in the course of discovery shall not be deemed a waiver of any applicable privilege in any court, including but not limited to attorney-client privilege and work-product doctrine.  The parties respectfully request this Court include their agreement in its order.

    The parties agree to confer further regarding the process for claims of privilege if necessary following the Court's resolution of the FEC's motion to dismiss.  The parties agree that a protective order based on section 30109(a)(12) is likely to be needed, but they expect no other issues related to privilege at this time.

11. **Experts (D.C. LCvR 16.3(c)(11)):**

    <u>Joint:</u>  The parties agree to abide by Fed. R. Civ. P. 26(a)(2).  The parties further agree, consistent with ¶ 1, that the Court should not yet set a deadline for depositions of experts.

**12.    Class Actions (D.C. LCvR 16.3(c)(12)):**

    <u>Joint:</u>         This case is not, and will not be, a class action or putative class action.

**13.    Discovery and Trial Bifurcation (Fed. R. Civ. P. 26(f)(3)(A); D.C. LCvR 16.3(c)(13)):**

    <u>Joint:</u>         The parties agree a trial is unlikely to be necessary.  The parties further agree there is no need to bifurcate discovery or structure it in stages.

**14.    Pretrial Conference Date (Fed. R. Civ. P. 16(b)(3)(B)(vi); D.C. LCvR 16.3(c)(14)):**

    <u>Joint:</u>         Consistent with ¶ 1, the parties agree a pretrial conference and trial are unlikely to be necessary.

**15.    Trial Date (Fed. R. Civ. P. 16(b)(3)(B)(vi); D.C. LCvR 16.3(c)(15)):**

    <u>Joint:</u>         Consistent with ¶¶ 1 and 14, the parties agree a trial is unlikely to be necessary.

**16.    Other Matters (Fed. R. Civ. P. 16(b)(3)(B)(vii), 26(f)(3)(F); D.C. LCvR 16.3(c)(16)):**

    <u>Joint:</u>         No other matters are appropriate for inclusion in the scheduling order.

Dated:  July 11, 2018

Respectfully submitted,

___/s/ Dan Backer_____
POLITICAL.LAW
Alexandria, VA 22314
441 North Lee Street, Suite 300
(202) 210-5431
dan@political.law

*Counsel for Committee
to Defend the President*

Lisa J. Stevenson (D.C. Bar No. 457628)
Acting General Counsel
lstevenson@fec.gov

Kevin Deeley
Associate General Counsel
kdeeley@fec.gov

Harry J. Summers
Assistant General Counsel
hsummers@fec.gov

*/s/ Seth Nesin*
Seth Nesin
Attorney
snesin@fec.gov

FEDERAL ELECTION COMMISSION
1050 First Street NE
Washington, DC 20463
(202) 694-1650

*Counsel for Defendant Federal Election
Commission*